# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:16CR00031** |
| | ) | **JUDGE TRAUGER** |
| **SHEILA BURNS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF FORFEITURE CONSISTING OF A $132,203.41 UNITED STATES CURRENCY MONEY JUDGMENT

Based on the representations and agreements of the Government and Defendant Sheila Burns at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on February 19, 2016, the Government filed a one Count Information charging Defendant with a violation of Title 18, United States Code, Section 656, ("bank embezzlement"):

**WHEREAS,** the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 982(a)(2) that upon conviction of the bank embezzlement, Defendant would be required to forfeit any property which constitutes or is derived from proceeds traceable to such violation. The property to be forfeited includes but is not limited to a money judgment in an amount of $132,203.41 United States currency which represents proceeds of the bank embezzlement.

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant that in the event the $132,203.41 United States currency, as a result of any act or omission of Defendant:

        a.       cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of Defendant up to $132,203.41;

**WHEREAS**, Defendant has entered into a Plea Agreement with the United States wherein she has pled guilty to the Information charging bank embezzlement;

**WHEREAS,** Defendant further acknowledges that $132,203.41 United States currency is subject to forfeiture because these funds constitute proceeds of the bank embezzlement as charged in the Information and consents to the entry of a money judgment in the amount of $132,203.41 United States currency;

**WHEREAS,** Defendant further acknowledges that as a result of her own acts or omissions, the $132,203.41 United States currency either cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property;

**WHEREAS,** Defendant further acknowledges that the United States is entitled to forfeiture of substitute property up to the value of the $132,203.41 in proceeds and therefore agrees to the forfeiture of substitute assets and entry of an order allowing the United States to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (c) and 28 U.S.C. §§ 3001(a)(1) and 3015 et seq. and will work with the United States to locate substitute assets;

**WHEREAS,** Defendant further agrees to cooperate fully and to execute any supplementary documents and to take any additional actions that may be necessary or appropriate to locate any substitute assets;

**WHEREAS,** Defendant further authorizes the United States Probation and Pretrial Services Office to release the Presentence Investigative Report and all financial documents pertaining to Defendant to the Asset Forfeiture Unit of the United States Attorney's Office for the Middle District of Tennessee;

**WHEREAS,** Defendant further authorizes the Internal Revenue Service to Release her tax returns for the period of 2010 through 2014.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the bank embezzlement to which Defendant Sheila Burns has pled guilty in this matter are $132,203.41 United States currency.

2. $132,203.41 United States currency is subject to forfeiture because these funds constitute proceeds of the violations as alleged in Count One of the Information.

3. As a result of Defendant's acts or omissions, the $132,203.41 United States currency in proceeds obtained as a result of the bank embezzlement to which Defendant has pled guilty, either cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeiture of substitute property up to $132,203.41 United States currency.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A.      An Order of Forfeiture Consisting of a Money Judgment in the amount of $132,203.41 ("Money Judgement") is hereby taken against Defendant. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Money Judgment shall become immediately final as to the defendant, by her consent, and shall be made part of the sentence and included in the Judgment in a Criminal Matter.

B.      The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $132,203.41 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*, and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure, Rule 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

C.      The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Money Judgment to include substitute property having a value not to exceed in total $132,203.41 United States currency to satisfy the Money Judgment in whole or in part.

D.      Defendant shall cooperate fully and execute any supplementary documents and take any additional actions that may be necessary or appropriate to locate any substitute assets;

E.      The United States Probation and Pretrial Services shall provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

F.      The Internal Revenue Service shall release Defendant's tax returns for the period of 2010 through 2014 to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

G.      Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the Money Judgment has been filed.

H.      Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $132,203.41 United States currency plus statutory interest is made in full as to the money judgment.

I.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this ___13th___ day of ___July___, 2016.

_____
Judge Aleta A. Trauger
United States Chief District Judge